## LIPE, Gd'n, v. HALE.

No. 21093. Opinion Filed June 28, 1932.

Ralph A. Barney and Welcome D. Pierson, for plaintiff in error.

Leahy, MacDonald & Files and J. H. Maxey, for defendant in error.

KORNEGAY, J. The facts out of which this proceeding in error arises are that W. K. Hale was a surety on the guardian bond of Ernest Burkhart in the county court of Osage county. and the plaintiff, Lipe, was later appointed guardian of the ward of Ernest Burkhart. An accounting was had in the county court, surcharging and falsifying the account as returned by Ernest Burkhart, resulting in a judgment that in effect would hold the bondsmen liable for the shortage, amounting to several thousand dollars. Hale, the surety on the bond, turned over to his wife what property he had about that time. He was convicted in the federal court for the murder of an Indian on an Indian reservation and given a life sentence in the federal penitentiary, and was confined in the penitentiary at Leavenworth, Kan.

The guardian sought to subject the property that had been transferred to the satisfaction of what was due his ward, and filed a petition in the district court of Osage county, making W. K. Hale a party defendant, and also his wife. Myrtle M. Hale. Hale, at that time, was confined in the federal penitentiary at Leavenworth as a federal prisoner under life sentence. The sheriff made a return on the summons of service on Hale by leaving a copy with his wife at his usual place of residence, at Fairfax, Okla., following the language of the statute on the subject. Hale by special appearance showed his incarceration in the manner indicated, and moved to quash this return and the service. The lower court sustained this motion.

The guardian is here on appeal and raises the proposition that this service was good, because this was the residence of the convict, who at that time actually, though involuntarily, lived at Leavenworth, and by paramount authority had been ordered to remain there or in some other prison, until he died. Several cases have been cited, both for and against the manner of service, some of which arose on collateral attacks on judgments, perhaps one or two on direct attack as this case is, but there seems to be a dearth of controlling cases on the subject, and we are left to the statutes and dictionary to ascertain the rights of the parties.

We have two sections on the subject of service, one is within the state and the other without, in the case of individuals. Section 172, Okla. Stat. 1931, is as follows:

"172. Service-Personal or on Member of Family.

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

The section on outside service of summons is section 188, Okla. Stat. 1931, as follows:

"188. Personal Service on Defendant Out of State-Effect Same as Service by Publication.

"In all cases where service may be made by publication. personal service of summons may be made out of the state by the sheriff or his deputy of the county in which such service may be made. Such summons shall be issued by the clerk, under seal of the court. and directed to the defendant or defendants to be served, and shall notify him or them that he or they have been sued by the plaintiff or plaintiffs, naming him or them and requiring him or them to answer the petition filed by the plaintiff or plaintiffs in the clerk's office of the court, which shall be named. within 60 days from the day of service or the said petition will be taken as true. and judgment rendered accordingly:

Provided, that such service shall have the same force and effect as service obtained by publication, and no other or greater force or effect."

In the present case the property appears to be in this jurisdiction that is sought to be subjected to the claim of the minor that is represented by the guardian. We have provided for publication in a great many cases in dealing with land located here, and it is not deemed necessary to go into the matter more fully than by referring to the section of the statutes. Section 183, Okla. Stat. 1931, provides for publication by newspaper advertisement in matters of this sort, especially if a seizure of the property by getting it into the hands of the court is had.

As applied to the present case, we do not see that the statute would warrant the service had. No authority has been cited to show that. It would be a misinterpretation to hold that the usual place of residence of W. K. Hale. who has been in the penitentiary several years under a life sentence, being a convict, was at Fairfax with his wife. The lower court so held. We find no reason for reversing it, and the case is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.